## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

**ROBERT KEITH HILL;  JANICE
HILL;  and JESSICA GRAHAM,
as Trustee of the Robert Keith and
Janice Hill Revocable Trust**                                    **PLAINTIFF**

**v.**                              **No. 3:24-cv-162-DPM**

**DANIEL LAULETTA;  DOUGLAS
STEPHEN, "Jeb";  SKYLIGHT FINANCIAL
GROUP LLC;  SKYLIGHT FINANCIAL
GROUP II LLC;  LIGHTHOUSE WEALTH
SOLUTIONS LLC;  and MASSACHUSETTS
MUTUAL LIFE INSURANCE COMPANY**            **DEFENDANTS**

### ORDER

1.     This is a professional negligence and malpractice case.
Robert and Janice Hill (husband and wife) say Daniel Lauletta and
Douglas Stephen sold them—through their revocable trust—
unnecessary insurance and imprudent investments in their roles as
financial advisors.  Their actions, according to the Hills, were negligent
and in breach of fiduciary duties.  The Hills also seek relief against
Skylight Financial Group LLC, Skylight Financial Group II LLC,
Lighthouse Wealth Solutions LLC, and Massachusetts Mutual Life
Insurance Company.  They claim these companies are liable for
Lauletta's and Stephen's alleged torts under a theory of *respondeat*

*superior*.  Plus, they allege that the companies conspired with one another, and with Lauletta and Stephen, to take advantage of them, and negligently hired and supervised Lauletta.

All the defendants have moved to dismiss the Hills' complaint. In their motions, they argue that the Hills' claims are time-barred. The Skylight entities (Skylight Financial Group, Skylight Financial Group II, and Lighthouse), Stephen, and Lauletta go on to say that the Hills' civil conspiracy claim lacks merit.  The Skylight entities also argue that the Hills haven't plausibly alleged that any of them employed Lauletta or Stephen.  The Hills counter that the applicable statutes of limitation were tolled due to the defendants' fraud and concealment, and that all their claims are plausibly alleged and must proceed.  The Hills now seek leave to amend their complaint to add several factual allegations to bolster their side of the tolling issue. The defendants resist amendment, incorporating their points for dismissal and arguing that the Hills' proposed changes would be futile. To assess futility, the Court accepts all pleaded facts in the proposed amended complaint as true and draws all reasonable inferences in the Hills' favor.  *Hillesheim v. Myron's Cards and Gifts, Inc.*, 897 F.3d 953, 955 (8th Cir. 2018).

In 2015, as Robert neared the end of his career as a pharmacist in rural Arkansas, he and Janice sought advice about their finances from Lauletta, a registered investment advisor.  Life insurance was Lauletta's

pitch.  He sold the Hills a Pacific Life Insurance policy valued at almost $8 million.  He said the tax benefits of owning the policy would outweigh the expense; the policy, Lauletta advised, would "pay for itself."  The Hills financed and paid their premiums over the next three years.

In 2018, the Hills again sought advice from Lauletta in relation to a purchase of farmland.  By that time, Lauletta had joined one or more of the Skylight entities and was selling life insurance policies for MassMutual.  Lauletta, along with Stephen (his coworker), advised the Hills to replace their PacLife policy with a MassMutual policy and to increase their coverage from just under $8 million to approximately $11.33 million.  The Hills did so, accepting Lauletta's representation that he wouldn't receive a commission on the transaction and assigning their PacLife policy to MassMutual.  MassMutual accepted the assignment.  Despite his representation to the contrary, Lauletta received a commission.  The Hills again financed the premiums on the new policy, which they paid through 2024.  Lauletta managed the financing and communicated directly with the Hills' bank on their behalf.  The Hills say this arrangement enabled Lauletta to conceal a deferred interest payment plan to make it seem like the policy was paying for itself when in fact it wasn't.  At some point along the way (presumably after 2018), Lauletta and Stephen also convinced the Hills

to move money from Robert's individual retirement account to invest in six variable index annuities.

The Hills say each of these transactions was wholly unnecessary or unreasonable and, in one way or another, put money into the defendants' pockets.

2.    Everyone agrees that the statutes of limitation for the Hills' claims have long passed.  At this early stage of the case, the Hills can overcome that impediment by alleging with particularity facts to support their claim that the statutes were tolled by the defendants' fraudulent concealment of their actions.  *Summerhill v. Terminix, Inc.*, 637 F.3d 877, 880 (8th Cir. 2011).  The Hills must therefore plead facts showing that the defendants committed fraud and actively concealed it.  *Ibid*. They must also state when they discovered the fraud and plausibly allege that they couldn't have discovered it through reasonable diligence any sooner.  *Ibid*.

Although they haven't named it as a separate claim, the Hills have alleged fraud with particularity.  The who, what, when, where, and how are clear.  *Summerhill*, 637 F.3d at 880.  The Hills say that Lauletta and Stephen knowingly gave them bad financial advice for their own personal gain.  According to the Hills, Lauletta and Stephen convinced them to purchase and finance a life insurance policy that could never have served the purpose they said it would.  And later, Lauletta and Stephen advised the Hills to invest imprudently in annuities to realize

substantial commissions on the related transactions. Even if couched in terms of professional opinions or predictions, these two pieces of advice could be fraudulent if Lauletta and Stephen knew the advice was bad when they gave it. *Delta School of Commerce, Inc. v. Wood*, 298 Ark. 195, 199–200, 766 S.W.2d 424, 427 (1989). The Hills relied on the allegedly bad advice to their detriment. The story here is succinct enough to satisfy the heightened pleading standard. *Summerhill*, 637 F.3d at 880.

On concealment, the Hills argue that Lauletta's and Stephen's fraud was done in a way that concealed itself. That's because Lauletta and Stephen—as the Hills' financial advisors—allegedly knew that the Hills relied on the bad advice and that they would end up in a worse financial position than they were before they did. Lauletta gained the Hills' confidence and told the Hills that the transactions were in their best interest. The Hills say, in at least one instance, he did so by falsely assuring them that he wouldn't receive any commissions from the proposed transaction. The alleged relationships that Lauletta and Stephen established as the Hills' financial advisors therefore may have been confidential. *Henry v. Goodwin*, 266 Ark. 95, 98, 583 S.W.2d 29, 31 (1979). These facts, if true, make it at least plausible that Stephen and Lauletta (and their employers) had a duty to disclose their scheme to the Hills. *Ward v. Worthen Bank & Trust Co., N.A.*, 284 Ark. 355, 359, 681 S.W.2d 365, 368 (1984). Instead of doing so, Lauletta, Stephen, and

their employers remained silent and continued to receive the benefits of the transactions while the Hills' finances worsened. The Hills' proposed amended complaint adequately pleads concealment. *Nichols v. Swindoll*, 2023 Ark. 146, at 3–4.

The Hills also plead that they couldn't have discovered the defendants' concealed fraud before October 2022, when they received word that Lauletta no longer worked with MassMutual or for any of the Skylight entities. The defendants argue that any reasonably diligent person should have known far sooner—or at least sometime before 18 September 2021—that the Hills' insurance purchases and investments weren't reasonable or appropriate for their financial planning purposes.

The defendants challenge the reasonableness of the Hills' reliance on Lauletta's and Stephen's advice. They say the Hills were charged with knowledge of the law, and the contents of the application they signed, in relation to their insurance policy and investments. They contend the law and the application, in light of the Hills' knowledge of their actual financial position, directly contradicted what Lauletta and Stephen told the Hills. That, they argue, should have put them on notice to investigate the discrepancy. In other words, the defendants contend, as a matter of law, it simply couldn't have been reasonable for the Hills to rely on the advice they were given.

At this stage of the case, the Court disagrees. It's worth noting that a motion to dismiss isn't ordinarily an appropriate procedural vehicle to resolve fraudulent concealment claims. *Russenberger v. Thomas Pest Control, Inc.*, 2012 Ark. App. 86, at 10–11, 394 S.W.3d 303, 309. The proposed amended complaint plausibly alleges that the Hills, considering the confidential relationship they say they shared with Lauletta and Stephen, were entitled to rely on the advice they were given without second guessing it. *Nichols*, 2023 Ark. 146, at 3–4. Lauletta's departure from the Skylight entities, and the end of his affiliation with MassMutual, ended the relationship. At that point, it was reasonable for the Hills to investigate whether the advice he and Stephen gave them was legitimate.

In the end, much will turn on the duties the Hills say the defendants owed to them. No ordinary buyer/seller relationship will work to shield the Hills from a limitations bar. But the Court cannot now determine that the facts alleged in the proposed amended complaint couldn't establish a confidential or fiduciary relationship sufficient to toll the statutes of limitation. Because the Hills have plausibly alleged that they had no reason to suspect Lauletta's and Stephen's bad acts until within three years of filing this case, their proposed amended complaint isn't futile.

**3.** The Skylight entities, Stephen, and Lauletta say that the Hills' civil conspiracy claim must be dismissed.

Lauletta says civil conspiracy is not a stand-alone claim. He argues that there must be some underlying intentional tort attached to it. Although this peculiar issue of Arkansas law is historically fraught, the Court is inclined to agree. *KBX, Inc. v. Zero Grade Farms*, 2022 Ark. 42, at 18–19, 639 S.W.3d 352, 364. But the Court doesn't need to decide the issue today. The Hills have plausibly alleged that their breach of fiduciary duty claim was timely, and no defendant has offered any other reason to dismiss it. That claim provides an adequate basis for the Hills' conspiracy claim.

The Skylight entities and Stephen offer more. They say that the Hills' allegations of imputed liability and negligent hiring against the Skylight entities and MassMutual cannot coexist with their civil conspiracy claim. They rely on the rule that employers and employees cannot conspire with each other because they are one and the same when it comes to liability. *Dodson v. Allstate Insurance Co.*, 345 Ark. 430, 445, 47 S.W.3d 866, 876 (2001). Reasoning from there, they argue that if Lauletta and Stephen were in fact employees or agents of one or more of the Skylight entities and MassMutual, then the Skylight entities and MassMutual could not have engaged in any conspiracy. The Court doubts the logic. No point of Arkansas law leads the Court to trust that the Skylight entities and MassMutual are the same simply because they may have employed the same people. *SEECO, Inc. v. Hales*, 341 Ark. 673, 699, 22 S.W.3d 157, 173 (2000).

The Hills have plausibly alleged that the separate defendants unlawfully acted in concert to harm them.  That's all the law requires.  *Faulkner v. Arkansas Children's Hospital*, 347 Ark. 941, 961, 69 S.W.3d 393, 406 (2002).  The Hills' proposed amended complaint states a claim for conspiracy.

4.    The Skylight entities say that the Hills haven't adequately alleged which company Lauletta and Stephen worked for.  Without that, they argue the claims against them can't proceed.  The Hills concede their uncertainty.  That's why they sued all three companies.  Whether one, all, or none of the Skylight entities employed Lauletta and Stephen is a question of fact.  The Hills are entitled to plead in the alternative.  Fed. R. Civ. P. 8(d)(2).  The proposed amended complaint makes plausible claims against Skylight Financial Group, Skylight Financial Group II, and Lighthouse.  Whichever Skylight entity intends to argue that it didn't employ Lauletta and Stephen should be able to prove it, and with relative ease, in a summary judgment motion.

*

The Hills' motion, *Doc. 41*, is granted.  The proposed amended complaint, *Doc. 41-1*, must be filed by 30 April 2025.  The defendants' motions, *Doc. 13, 22 & 27*, are denied without prejudice as moot.  The joint motion for a settlement conference, *Doc. 53*, is granted.  The Court refers the case to Magistrate Judge Volpe to handle that conference.

So Ordered.

_D.P. Marshall Jr._
D.P. Marshall Jr.
United States District Judge

21 April 2025