# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### NORTHERN DIVISION

**ROBERT KEITH HILL; JANICE
HILL; and JESSICA GRAHAM,
as Trustee of the Robert Keith and
Janice Hill Revocable Trust**                                    **PLAINTIFF**

**v.**                          **No. 3:24-cv-162-DPM**

**DANIEL LAULETTA; DOUGLAS
STEPHEN, "Jeb"; SKYLIGHT FINANCIAL
GROUP LLC; SKYLIGHT FINANCIAL
GROUP II LLC; LIGHTHOUSE WEALTH
SOLUTIONS LLC; and MASSACHUSETTS
MUTUAL LIFE INSURANCE COMPANY**              **DEFENDANTS**

## PROTECTIVE ORDER

1. Discovery in this case may involve disclosure of personal information, trade secrets and other confidential, sensitive and proprietary business, technical or financial information. This Order protects against unauthorized disclosure of that information so that the information will be used only for purposes of this lawsuit. This Order shall govern all information, whether in writing, digital formats, in electronically readable form, or otherwise.

2. Except as otherwise ordered by the Court, this Order shall apply to all documents and items containing financial, medical, commercially sensitive, or otherwise personal information, which, if

disclosed, could adversely affect or invade the business, competitive or privacy rights of a party, and which is in good faith stamped or marked "Confidential" at the time of its production. This includes material produced by third parties who, by joint stipulation of the parties filed prior to any production, agree to be governed by this Order, and who produce documents either stamped, marked or designated as confidential at the time of production. Any copies or reproductions, excerpts, summaries or other documents or media that contain confidential material shall also be treated as confidential pursuant to this Order. The designation of material as confidential shall be limited to specific material that qualifies under the standards mentioned above.

**3.** Information revealed or contained in a deposition which is confidential pursuant to this Order shall be identified in the deposition as being confidential. That portion of the deposition shall then be separately reflected as confidential.

**4.** The inadvertent failure to designate or withhold any discovery material as confidential will not be deemed to waive a later claim as to its confidential nature, or to preclude the producing party or non-party from designating that discovery material as confidential later in writing. The discovery material shall be treated by the receiving party as confidential from the time the receiving party is notified in writing of the change in designation.

**5.** Except with prior written consent of counsel for the parties

or prior order of the Court, confidential discovery material subject to this Order shall only be disclosed as follows: (a) to counsel of record for the respective parties including their office and clerical staff; (b) to individuals named as party plaintiffs or defendants in this case; (c) insurers, officers, directors and necessary employees of any entity or organization named as a party in this case; (d) expert witnesses or consultants engaged by a party to assist in the prosecution or defense of the action, provided such witnesses and consultants separately agree to be bound and governed by the terms of this Order; (e) witnesses who may give deposition or trial testimony in this case and to whom the disclosure is reasonably necessary; and (f) the Court and its personnel subject to such safeguards as the Court may deem necessary. When giving confidential information to anyone, other than the individuals in subsections (a)-(c) or (f), the disclosing party must provide the recipient with a copy of this Order. The parties must comply with Fed. R. Civ. P. 5.2's mandate for redaction, if practicable, before filing under seal. If an entire page contains confidential discovery material, substituting a page marked "Redacted" is an acceptable redaction method. If redaction is impracticable, a party must move for permission to file any confidential discovery material and any related motion, brief, or paper containing that material under seal. The moving party must justify sealing with specifics and solid reasons, including an explanation about why redaction cannot be done.

6.    All parties and persons to whom confidential discovery material is disclosed are authorized only to use the information and documents in connection with this lawsuit and are precluded from disclosing the information or documents to any other person except as specifically provided here.   No person receiving or reviewing confidential discovery material shall disclose it or its contents to any person other than those authorized by this Order and for the purposes specified in this Order.

7.    Any party may object to the designation of particular discovery material as "Confidential" by giving written notice to the party making the designation and to all other parties.  The notice shall identify with specificity the discovery material to which the objection is directed and the basis of the objection.  If there is dispute, the parties will meet and confer in good faith in person pursuant to the Court's Scheduling Order in an attempt to resolve whether the document or information should be subject to the protection of this protective Order. If the parties cannot agree, the parties shall file a joint report explaining the disagreement that specifies the relief sought.  The Joint Report must be filed under the CM/ECF event called "Joint Report of Discovery Dispute" and cannot exceed 10 pages in length, excluding the style and the signature block, and must be double spaced with limited to no footnotes.  Plaintiffs are allowed 5 pages, and Defendants, jointly, are allowed 5 pages.  Documents should be attached to the Joint Report as

needed and should be redacted as required by Federal Rule of Civil Procedure 5.2 to protect confidential information. The Parties should then alert the law clerk on the case that the Joint Report was filed. To the extent an in-camera review might be necessary, it shall be the obligation of the producing party to request such a review of the disputed discovery material. The disputed discovery material shall be treated confidential as originally designated pending a ruling from the Court.

8.    The authorization contained herein for the parties to designate any discovery material as "Confidential" is intended solely to facilitate the proceedings in this suit and that designation shall not be construed as an admission or agreement that the information constitutes or contains confidential or secret information.

9.    At the conclusion of this litigation, including the expiration of all appeals, the parties and their counsel shall upon written request of the party producing confidential discovery material return to counsel for the party making a designation all discovery material which are designated confidential and supplied subject to this Order as well as all copies, notes, and records of confidential information supplied by the party making a designation subject to this Order, including copies supplied to experts, consultants, or witnesses. Alternatively, the parties or their counsel in possession of confidential discovery material shall destroy all such information. Furthermore, all copies of such

information on any electronic media or storage device must be erased and eliminated.  Within 90 days after the conclusion of this litigation, the parties shall submit to the provider of confidential discovery material, written confirmation that they have complied fully with the requirements of this paragraph of the Order.  After the conclusion of this litigation, no party can dispute any confidential designation by another party.

10.    The parties shall be entitled to retain confidential information to the extent required by applicable law, regulations, and the parties' document retention policies. The parties' counsel and litigation vendors shall be entitled to retain confidential discovery material that (i) has been incorporated into such counsel's litigation case files, and (ii) the return or destruction of which would impair the integrity of those litigation case files (including court papers, deposition and trial transcripts, litigation files, attorney work product, and discovery material containing confidential information or highly confidential information). Provided that the parties, their counsel, and employees of such counsel shall maintain the confidentiality thereof and shall not disclose such confidential information to any person except as permitted in this Order, pursuant to a court order or agreement by the Producing Party, or except as otherwise required by law.

11.    Neither the taking of any action in accordance with the

provisions of this Order, nor the failure to object to it, shall constitute a waiver of any claim or defense in this action.  This Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery and, except as expressly provided, shall not relieve any party or witness of the obligation to produce information properly sought in the course of discovery.  Nothing in this Order shall be construed to affect in any way the admissibility of any document, testimony, or other evidence at trial of this action.  Nothing contained in this Order or any declaration of confidentiality or restriction it imposes shall be used or characterized by any party as an "admission" by a party opponent.  The failure of a party to object to or challenge a designation by another party of discovery material as "Confidential" shall not constitute an admission that the materials so designated are in fact confidential, are trade secrets, or other confidential research, development, or commercial information, or are entitled to any legal protection.

12.    The treatment of confidential discovery material to be introduced at trial, if any, shall be the subject of an Order to be determined by the Court at a later date.

13.    If any party receives inadvertently produced documents protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection, the receiving party or parties shall make a good faith effort to immediately inform the

disclosing party of the inadvertent disclosure and return the documents. Upon notice of the inadvertent disclosure, the receiving party or parties shall be prohibited at that moment from making any copy of the inadvertently disclosed documents or using them in any way. The disclosing party producing the privileged documents or information shall have a right to "claw" it back upon notice to the receiving party or parties. Further, the unintended and inadvertent production or disclosure of any attorney-client communications and documents and information protected by the attorney work-product doctrine or any other applicable privilege, including those contained in electronic form, shall not constitute a waiver of any applicable privileges, in either this litigation or in any other federal or state proceeding, pursuant to Federal Rule of Evidence 502(d).

14. This Order shall remain in effect for exactly one year after the conclusion of this case, including any appeal. Any party seeking to enforce this Order, seeking to enforce any future Order, or claiming a breach may do so by noticed motion for contempt or other appropriate sanctions provided by law. After one year following the conclusion of litigation, the obligations this Order imposes shall continue, but shall be solely a matter of contract between and among the parties.

So Ordered.

D.P. Marshall Jr.
United States District Judge

21 April 2025